IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE

FILED

February 25, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

IN THE MATTER OF:                           Davidson Juvenile No. 9719-38503
COURTNEY JADE CANOVA,                       C.A. No. 01A01-9803-JV-00113

MARY WITT LEVRAEA,                          Hon. Andrew J. Shookhoff, Judge
LUKE LEVRAEA,
BRENDA CANOVA RIDDLE,

      Petitioners,

Vs.                                                   *DISMISSED AND REMANDED*

JENNIFER CRUZ McKELL,

      Respondent.

CAROL DOWNTON, Nashville, Attorney for Petitioners.

ROSEMARY E. PHILLIPS, Goodlettsville, Attorney for Respondent.

*MEMORANDUM OPINION[1]*

_____

*TOMLIN, Sp. J.*


      This is a grandparents visitation rights case. Mary Witt Levraea, Luke Levraea, and

Brenda Canova Riddle ("Petitioners") filed suit in the Juvenile Court of Davidson County

against Jennifer Cruz McKell ("Respondent"), seeking to establish visitation rights with

Courtney Jade Canova. The Levraes are the great-grandparents and Ms. Riddle is the

grandmother of the minor child. Respondent is the child's mother and custodial parent. The

child was born out of wedlock to Respondent and Garth Bryan Canova, the son and grandson

respectively of the Petitioners. While the parents never married, Garth legitimated the child and

paid child support. Some eighteen months following the birth of the child, Garth was killed in

an automobile accident. Respondent responded and subsequently filed a motion for summary

judgment seeking to have the petition dismissed. Both sides filed supporting affidavits to their

respective pleadings. The trial judge granted Respondent's motion for summary judgment.

_____

[1]Rule 10 (Court of Appeals). Memorandum Opinion. -- (b) The Court, with the
concurrence of all judges participating in the case, may affirm, reverse or modify the actions of
the trial court by memorandum opinion when a formal opinion would have no precedential
value. When a case is decided by memorandum opinion it shall be designated
"MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any
reason in a subsequent unrelated case.

Although Petitioners have raised two issues on appeal, this Court does not reach either issue as raised. For the reasons as hereinafter stated, we dismiss and remand this case to the trial court for such other proceedings as are necessary.

Petitioners brought this action pursuant to what has been referred to as the "Grandparents Visitation Rights Act," entered into law by the legislature effective July 23, 1997, and codified as T.C.A. § 36-6-306 and 307.

The pertinent provisions of these applicable code sections are as follows:

> **36-6-306. Visitation rights of parents of deceased or divorced parents. -** (a) If:
>
> (1) Either the father or mother of an unmarried minor child is deceased;
> (2) the child's father and mother are divorced or legally separated;
> (3) The child's father or mother has been missing for not less than six (6) months; or
> (4) The court of another state has ordered grandparent visitation; then, the parents of such deceased person or the parents of either of such divorced or separated persons or the parents of the missing person may be granted reasonable visitation rights to the child during its minority by a court of competent jurisdiction upon a finding that such visitation rights are in the best interests of the minor child, based on the factors in § 36-6-307 (d)(2).
>
> *     *     *

The above code section must be read in connection with T.C.A. § 36-6-307 (Supp. 1998), which reads as follows:

> **36-6-307. Visitation rights of parents adopting relative or stepparent.** - (a) If a relative or a stepparent adopts a child, the general assembly finds that it is sound public policy to provide children with the stability and continuity of meaningful relationships in their lives. If grandparents have had a sufficient existing relationship with a child, a loss of that relationship would be a severe emotional and psychological blow to the child, and such a loss creates a rebuttable presumption of substantial danger to the welfare of the child.
>
> (b) A grandparent whose child is the absent biological parent may petition the court for reasonable visitation rights if a sufficient relationship exists between the grandparent and the child.
>
> (c) A grandparent shall be deemed to have a sufficient existing relationship with a grandchild if:
>
> (1) The child has resided with the grandparent for at least six (6) consecutive months during the two (2) years preceding the filing of the petition for visitation rights and neither of the child's parents were living in the same household;

2

(2) The child and the child's parents have resided with the grandparents for not less than one (1) year ending within the year preceding the filing of the petition for visitation rights;

(3) The grandparent has been a full-time caretaker of the child for a period of not less than six (6) consecutive months in two (2) years preceding the filing of the petition for visitation rights; or

(4) The grandparent has had frequent visitation with the child who is the subject of the suit for a period of not less than one (1) year during the two (2) years preceding the filing of the petition for visitation rights.

(d)(1) In a hearing concerning a petition by a grandparent for reasonable rights of visitation, the court shall make the following findings of fact:

(A) The grandparent has a sufficient existing relationship, as defined in subsection (c); and

(B) The visitation is in the best interests of the child.

(2) In determining the best interests of the child under this section, the court shall consider a number of factors, including but not limited to the following:

(A) The length and quality of the prior relationship between the grandparent and the child;

(B) The existing emotional ties of the child to the grandparent;

(C) The preference of the child if the child is determined to be of sufficient maturity to express a preference;

(D) The effect of hostility between the grandparent and the parent on the child manifested before the child, and the willingness of the grandparent, except in case of abuse, to encourage a close relationship between the child and the parent(s) or guardian(s) of the child;

(E) The good faith of the grandparent in filing the petition;

(F) If the parents are divorced or separated, the time-sharing arrangement that exists between the parents with respect to the child; and

(G) If one (1) parent is deceased or missing, the fact that the grandparents requesting visitation are the parents of the deceased or missing person.

On November 4, 1998, a panel of this Court, in an opinion authored by Presiding Judge W. Frank Crawford, styled *Regina Ellison vs. Cherri Ellison*, Obion Chancery No. 20,443, C.A. No. 02A01-9803-CH-00054, declared T.C.A. § 36-6-306 to be an unconstitutional invasion of privacy rights under the Tennessee Constitution in that the statute allows grandparents

3

reasonable visitation rights upon a finding that grandparent visitation was in the best interest of the minor child, without first having found the existence of a substantial danger or harm to the minor child, if there was a cessation of the relationship between grandparents and said minor child. In so ruling, this Court followed the holding of our Supreme Court in *Hawk v. Hawk*, 855 S.W.2d 573 (Tenn. 1993) and *Simmons v. Simmons*, 900 S.W.2d 682 (Tenn. 1995).

Under these circumstances, this Court has no option but to follow the earlier ruling by this Court in *Ellison*, and dismiss Petitioners' suit. Therefore, we do not reach or consider the issues raised.

This case is remanded to the trial court for such other proceedings as may be necessary. Costs on appeal are taxed one-half to petitioner and one-half to respondent, for which execution may issue, if necessary.

_____
**HEWITT P. TOMLIN, JR.,**
**SPECIAL JUDGE**

**CONCUR:**

_____
**ALAN E. HIGHERS, JUDGE**

_____
**DAVID R. FARMER, JUDGE**